UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x
WILLIAM KING MOSS, III,

                  Plaintiff,       <u>MEMORANDUM & ORDER</u>
                                    21-CV-3572 (JS)(SIL)

    -against-

CYNTHIA CIFERRI,
DANIEL CALDERON,
KELLY DIMASSIMO, and
CAROLYN LANZARONE,

                  Defendants.
---------------------------------x
APPEARANCES

For Plaintiff:      William King Moss III, <u>pro se</u>
                    32 S. Fifth Avenue
                    Brentwood, New York  11717


For Defendants
Cynthia Ciferri &
Daniel Calderon:     Caroline B. Lineen, Esq.
                    Silverman & Associates
                    445 Hamilton Avenue, Suite 1102
                    White Plains, New York 10601

For Defendant
Carolyn Lanzarone:  Carolyn Lanzarone, <u>pro se</u>
                    1712 N. Thompson Drive
                    Bayshore, New York 11706

For Defendant
Kelly DiMassimo:    Kelly DiMassimo, <u>pro se</u>
                    811 Commack Road
                    Brentwood, New York 11717

SEYBERT, District Judge:

         William King Moss III ("Plaintiff"), <u>pro se</u>, is a former

teacher in the Brentwood Union Free School District ("Brentwood

SD").  (<u>See</u> Compl., ECF No. 6, at ¶ 26.)  He commenced this

employment discrimination and retaliation action against Daniel Calderon ("Calderon"), Cynthia Ciferri ("Ciferri"), Kelly DiMassimo ("DiMassimo"), and Carolyn Lanzarone ("Lanzarone," collectively, "Defendants"). (See generally id.)[1]

Plaintiff's claims against Ciferri and Calderon (the "Trustee Defendants" or "Trustees"[2]) are based upon purported violations of Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d et seq.; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981 ("Section 1981"); 42 U.S.C. § 1983 ("Section 1983"); New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq.; New York Civil Rights Law ("NYCRL") § 40 et seq.; and Suffolk County Human Rights Law ("SCHRL"). (Id.) Plaintiff asserts various common law claims and seeks a default judgment against DiMassimo and Lanzarone (the "Pro Se Defendants").

Pending before the Court are: (1) the Trustee Defendants' motion to dismiss (see Trustees Mot., ECF No. No. 12; Trustees Support Memo, ECF No. 15); and (2) and the Pro Se

---

[1] Although Brentwood SD was a named defendant at the time this case was removed from state court (see Notice of Removal, ECF No. 1), the operative Complaint here expressly alleges the District is not a named defendant. (See Compl. ¶ 20 ("The Plaintiff no longer names Brentwood Union Free School District as a defendant.").)

[2] Ciferri and Calderon have both served as Trustees on the Brentwood SD Board of Education , therefore, references to the "Trustee Defendants" are to both Ciferri and Calderon.

Defendants' letter motions to dismiss.  (See DiMassimo Mot., ECF No. 10; Lanzarone Mot., ECF No. 11.)

For the reasons that follow, the Trustees' motion is GRANTED, which disposes of all federal claims in this case. Consequently, the Court declines to exercise supplemental jurisdiction over the remaining state law claims against the Trustees the and Pro Se Defendants.  Accordingly, the Pro Se Defendants' dismissal motions are likewise GRANTED and Plaintiff's Complaint is DISMISSED in its entirety.

BACKGROUND

I.   Factual Background[3]

Plaintiff, an African American male and resident of Brentwood, New York, worked as a math teacher at Brentwood SD from September 2000 to August 2011 before leaving to work at the Lawrence Union Free School District ("Lawrence SD").  (Compl. ¶¶ 1, 26, 38, 42.)  Plaintiff has advocated for civil and human rights in the Brentwood SD since 2003, and on January 1, 2015, became

---

[3] The following facts are taken from the Complaint and, for purposes of considering Defendants' dismissal motions, are accepted as true.  See Williams v. Richardson, 425 F. Supp. 3d 190, 200 (S.D.N.Y. 2019).  Notwithstanding, the Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions."  Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011).

president of the Islip Town Branch of the National Association for the Advancement of Colored People ("NAACP").  (Id. ¶¶ 27, 47.)

Defendant Ciferri has been a Trustee on the BOE of the Brentwood SD since July 1, 2018.  (Ciferri Aff., ECF No. 14-4, ¶ 2.)  Defendant Calderon is the son of Ciferri, and was a Trustee on the BOE of the Brentwood SD from July 1, 2015 through June 30, 2018.  (Compl. ¶ 3; Calderon Aff., ECF No. 14-5, ¶ 3.) According to Plaintiff, Calderon resided with Ciferri at 61 Morton Street in Brentwood, New York in February 2018.  (Compl. ¶ 6.)  Defendants Lanzarone and DiMassimo are alleged to be friends of Ciferri; they are not alleged to be former or current members of the BOE of the Brentwood SD.  (Id. ¶¶ 8, 15.)  According to Plaintiff, all Defendants are white and non-Hispanic.  (Id. ¶¶ 18-19.)

Plaintiff alleges that on June 2, 2015, Ciferri sent a letter to the Superintendent of the Brentwood SD that stated Plaintiff served alcohol to her high school-aged sons at his house and helped a student cheat on a Regents examination.  (Id. ¶¶ 29, 39.)  The Brentwood SD reported these incidents to the Commissioner of the New York State Education Department ("NYSED"). (Id. ¶ 40.)  Plaintiff claims the NYSED's resulting investigation of the alleged incidents "impeded his appointment as the Director of Policy and Programs" in the Brentwood SD.  (Id.)

Plaintiff claims Ciferri sent the same letter to the Lawrence SD sometime between June and August 2015, which caused him to lose a promotion to "Director status" in the Lawrence SD. (Id. ¶¶ 31, 41.)  In response to Ciferri's letter, in July 2015, Plaintiff mailed a letter drafted by an attorney to "Ciferri and her affiliates" "requiring them to cease and desist contacting his places of employment."  (Id. ¶ 41.)

Plaintiff alleges that from February 13 to February 16, 2018, and on October 18, 2019, "Ciferri and her affiliates contacted Plaintiff's [employer, the Lawrence SD,] having no legitimate business purpose."  (Id. ¶ 42.)  The Complaint alleges that no Defendants, nor any of their children, were employed by, contracted with, or students in the Lawrence SD.  (Id. ¶ 34.)

Plaintiff claims that in August 2019, Defendant Lanzarone filed a false complaint against the Plaintiff with the Town of Islip alleging that he had an illegal apartment in his home.  (Id. ¶ 43.)  Plaintiff alleges Ciferri called the police on October 19, 2019 falsely claiming that Plaintiff was trespassing on her property.  (Id. ¶ 44.)  He also alleges that, during a Brentwood SD Board meeting on February 27, 2020, Ciferri stated her sons were drinking at Plaintiff's home.  (Id.)

According to Plaintiff, in March 2018, October 2018, November 2019, and April 2020, he sent emails requesting the Brentwood SD to intervene "to end [Calderon's and Ciferri's]

5

malicious attacks on his employment and character." (Id. ¶ 45.)
Plaintiff claims the Brentwood SD did not act in any way to stop
the Defendants from "attacking the character and employability of
the Plaintiff." (Id.) He also "overheard Ciferri slander him
over a phone call with a mutual friend after April 2020." (Id.)

Based on the foregoing alleged facts, Plaintiff's
Complaint purports to assert claims for discrimination on the basis
of race, and retaliation in violation of federal and state laws.
He seeks injunctive and declaratory relief, as well as compensatory
damages. (Id. ¶¶ 53-56.) Additionally, Plaintiff's Complaint
seeks a default judgment against Defendants DiMassimo and
Lanzarone for their failure to defend the Complaint. (Id. ¶ 24.)

II.  Procedural History

On February 16, 2021, Plaintiff commenced this action in
the Supreme Court of the State of New York, Suffolk County, by
filing a "Summons with Notice" against the Brentwood SD and named
Defendants here. (Summons with Notice, ECF No. 1-1.) Ciferri was
purportedly served with the Summons with Notice on or about May 26,
2021, and the Brentwood SD was served with the Summons with Notice
on or about June 4, 2021. (Notice of Removal, ECF No. 1, ¶ 5.)
On June 15, 2021, prior to removal, the Brentwood SD, Ciferri and
Calderon appeared in state court and demanded service of the
Complaint. (Id. ¶ 9.)

6

On June 24, 2021, Defendants Ciferri and Calderon removed this case to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a).   (Id.)   On July 8, 2021, Plaintiff filed the Complaint, which voluntarily withdrew all claims against the Brentwood SD.  (See id. ¶ 20.)  Accordingly, the Brentwood SD was terminated as a defendant in this case that same day.

There is no indication on ECF that the Complaint was served on any Defendants nor that any summonses, whether issues by the state court or by this Court, were served on Defendants.

On July 27, 2021, the Trustee Defendants filed a pre-motion conference ("PMC") letter requesting permission to move to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(2),(5) and (6).   (See PMC Letter, ECF No. 8.)   On August 13, 2021, the Pro Se Defendants filed separate letters asking for this case to be dismissed.   (See DiMassimo Mot.; Lanzarone Mot.)  Plaintiff did not respond to Defendants' filings.

On August 18, 2021, via Electronic Order, the Court waived its PMC requirement and granted the Trustee Defendants leave to file their proposed motion to dismiss.  The Court also granted the Pro Se Defendants leave to supplement their letter motions to dismiss.

On October 4, 2021, the Trustees filed their motion to dismiss pursuant Rules 12(b)(2), 12(b)(5) and 12(b)(6).  They argue Plaintiff failed to timely effectuate proper service and that

Plaintiff's claims against them must be dismissed for lack of personal jurisdiction.   In the alternative, they argue that Plaintiff's federal and state law claims should be dismissed as time barred and that they fail to state a claim for relief pursuant to Rule 12(b)(6).   (Trustee Defs. Support Memo at 15-32.)

On December 6, 2021, the Trustees asked the Court to grant their motion because the Plaintiff failed to timely oppose it. (Trustee Defs. Reply I, ECF No. 17.)   On December 23, 2021, Plaintiff moved for an extension of time to oppose the Trustees' motion, which the Court granted over the Trustees' objection.  (Pl. Ext. Mot., ECF No. 18; Jan. 3, 2022 Elec. Order.)   Plaintiff requested and received a second extension to file his opposition, which was timely submitted on February 16, 2022.  (See Pl. Opp'n, ECF No. 23; Mar. 1, 2022 Elec. Order.)   In his opposition, Plaintiff argues he did effectuate proper service and that he should be granted leave to amend the Complaint.   (Pl. Opp'n at 2-9, 24.)[4]

---

[4] In response to the Trustees' motion, Plaintiff asserts various new claims that are not alleged in the Complaint, including the Brentwood SD's failure to hire him for an assistant superintendent position -- a claim Plaintiff has unsuccessfully pursued twice before this Court.  (See Pl. Opp'n at 10-11; see also Moss v. Board of Ed. of the Brentwood Union Free Sch. Dist., 19-CV-2195, Order, ECF No. 38 (Sept. 20, 2020); Moss v. Board of Ed. of the Brentwood Union Free Sch. Dist., 21-CV-5866, Compl., ECF No. 1-1, Order (Jan. 3, 2022).   The Court will not permit Plaintiff to amend the Complaint through his opposition brief and declines to address any new claims against the Brentwood SD, which was a defendant that Plaintiff voluntarily withdrew from this case after removal.  See

The Trustees filed their reply papers on April 11, 2022. (Trustee Defs. Reply II, ECF No. 27.)

The Pro Se Defendants have not filed any further papers in support of their August 13, 2021 dismissal motions.

## DISCUSSION

I.   Personal Jurisdiction over the Trustees

A.   Legal Standard

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006) (quoting Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Thus, "[b]efore addressing Defendants' Rule 12(b)(6) motion to dismiss, the Court must first address the preliminary questions of service and personal jurisdiction." Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (citation omitted).

"Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal of the complaint for insufficient service of process upon motion by a defendant made prior to the defendant's filing an answer." Forte v. Lutheran Augustana Extended Care & Rehab. Ctr., No. 09-CV-2358, 2009 WL 4722325, at *2 (E.D.N.Y. Dec. 9, 2009).

---

K.D. ex rel. Duncan v. White Plains Sch. Dist., 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013) (A plaintiff "cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss.").

When defendants move to dismiss for lack of proper service, "the plaintiff bears the burden of establishing that service was sufficient." Khan v. Khan, 360 F. App'x 202, 203 (2d Cir. 2010) (citing Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)). "Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process." Mende, 269 F. Supp. 2d at 251 (internal quotations omitted). Moreover, "[w]hen a court considers a motion to dismiss pursuant to Rule 12(b)(5), it must consider information outside the complaint to determine whether service was sufficient." Rosado-Acha v. Red Bull GmbH, No. 15-CV-7620, 2016 WL 3636672, at *9 (S.D.N.Y. June 29, 2016) (quoting Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc., No. 12-CV-2327, 2013 WL 5460196, at *4 (E.D.N.Y. Sept. 30, 2013)).

   B.   Sufficiency of Service

        Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against the defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).[5] If the plaintiff shows "good cause for the failure," then "the

_____

[5] Plaintiff filed the instant Complaint on July 8, 2021; therefore, Plaintiff's time to serve the Complaint, as prescribed by Rule 4(m) expired on October 6, 2021.

court must extend the time for service for an appropriate period."
(Id.)

Service of process upon an individual within a judicial district of the United States is governed by Rule 4(e).  Rule 4(e) provides that service may be effectuated by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).

Applicable New York law provides that personal service on an individual may be effected using four methods: (1) delivering the summons to the defendant; (2) delivering the summons to a person of suitable age and discretion at the place of business, home or "usual place of abode" of the defendant, and mailing the summons to the defendant's last known residence or place of business; (3) delivering the summons to the defendant's agent; or (4) where service by the first two methods cannot be made with "due diligence," affixing the summons to the door of the defendant's actual place of business, home or "usual place of

11

abode," and mailing the summons to the defendant's last known residence or place of business. N.Y. CPLR § 308 (1)-(4).

Alternatively, New York law permits service by mail. Section 312-a of the CPLR provides in relevant part:

> As an alternative to the methods of personal service . . . , a summons and complaint . . . may be served by the plaintiff or any other person by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section with a return envelope, postage prepaid, addressed to the sender.

Id. § 312-a(a). Under this alternative mailing method, "[s]ervice is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender." Id. § 312-a(b).

Here, Plaintiff failed to serve the Trustee Defendants through any of the manners proscribed above. Plaintiff did not deliver either the Summons with Notice from state court or the Complaint to Ciferri or Calderon personally, and he did not deliver the Summons and Complaint to a person of suitable age and discretion at the Trustees' place of business, home or "usual place of abode," and mail the Summons to the Trustees' last known residence or place of business. See FED. R. CIV. P. 4(e)(2)(A),(B); N.Y. CPLR § 308(1)(2). Nor did Plaintiff deliver the Summons with

Notice or Complaint to an authorized agent.[6]  See FED. R. CIV. P.
4(e)(2)(C); N.Y. CPLR § 308(3).  Instead, on or about May 28, 2021,
prior to the removal of this case, Plaintiff attempted service on
the Trustee Defendants by forwarding the state court Summons with
Notice via first class mail to both Ciferri and Calderon at
Ciferri's residence.  (See Ciferri Aff. ¶¶ 6, 13; Calderon Aff.,
¶¶ 6, 8.)  This is insufficient service pursuant to both Federal
Rule 4(e) and N.Y. CPLR § 308.[7]

Moreover, Plaintiff did not serve the Trustee Defendants
in accordance with CPLR § 312-a.  Plaintiff does not indicate that

---

[6] In his opposition, Plaintiff argues the Board of Education
("BOE") for the Brentwood SD "was served the Complaint on July 9,
2021 by service upon the District Clerk." (Pl. Opp'n. at 2.)  He
argues, "[u]pon information and belief, service upon the District
Clerk is equivalent to service upon defendants who are officially
represented and indemnified by the Board of Education of
Brentwood Union Free School District." (Id. at 3.)  However, this
Court has already rejected this argument in Plaintiff's prior case
against individual trustees of the BOE of the Brentwood SD,
including Defendant Calderon. (See Moss, 19-CV-2195, September
20, 2020 Order, ECF No. 38, at 13 (finding that service on the
District Clerk did not equate to service on the individual Board
members), report and recommendation adopted by, March 31, 2021
Order, ECF No. 48.) Nevertheless, Plaintiff has not offered any
proof of service on the District Clerk, but, rather, attaches a
copy of page 1 of the Complaint, stamped "received by the
superintendent's office" with an illegible date. (See Pl. Ex. B.)

[7] Plaintiff's attempted service by mail is insufficient for the
additional reason that Plaintiff never obtained nor served a
summons issued by this Court following removal.  See Moss,
No. 19-CV-2195, March 31, 2021 Order at 8-9 (finding that service
of the state court summons following removal of the case to federal
court "falls short of 'substantial compliance' with the dictates
of Rule 4") (citation omitted) (emphasis added).

he received an acknowledgment form, nor does he argue that he sent the appropriate statement of service and acknowledgment of receipt forms to the Trustee Defendants.  See Mende, 269 F. Supp. 2d at 252 (citing Dillion v. U.S. Postal Serv., No. 94-CV-3187, 1995 WL 447789 at *4 (S.D.N.Y. 1995) ("Service is not complete until the defendant returns the acknowledgment form to the plaintiff, and [i]f the acknowledgment of receipt is not mailed or returned . . . [plaintiff] is required to effect personal service in another manner."); see also Sunbear Sys. v. Schaffhauser, No. 98-CV-1500, 1998 WL 265239 at *1 (S.D.N.Y. 1998) ("Although personal service by mail is permitted under C.P.L.R. Section 312-a, there is no evidence . . . defendants executed . . . an acknowledgment, as required by that provision.  Accordingly, service on the defendants was improper, and the Complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).")

Plaintiff submitted an affidavit by a process server who attest that he served the Complaint on both Ciferri and Calderon "by affixing the Complaint to the door in a plastic cover behind a summons with notice for another case" at the address 61 Morton Street in Brentwood, New York on July 14, 2021. (See Aff. of Process Server, Pl. Ex. C. (emphasis added)).  Curiously, the process server's affidavit was not sworn until February 16, 2022, the date Plaintiff's opposition was filed.  Thereafter, Plaintiff mailed the Complaint in separate envelopes to both Ciferri and

Calderon at the same address on July 16, 2021. (Id.; see also Pl. Opp'n at 3 (stating that the Complaint was affixed to the door at 61 Morton Street in Brentwood, New York, and was subsequently mailed in separate envelopes to Ciferri and Calderon).) This attempt to effectuate service pursuant to CPLR § 308(4) is defective for several reasons.

First, admittedly, only the Complaint was affixed to Ciferri's door and subsequently mailed to the Trustee Defendants. (See Aff. of Process Server, Pl. Ex. C.) "A summons must be served with a copy of the complaint." FED. R. CIV. P. 4(c); see Omni Capital, 484 U.S. at 104; Osrecovery, Inc. v. One Group Intern., Inc., 234 F.R.D. 59, 62 (S.D.N.Y. Aug. 17, 2005) ("The requirement under Rule 4 that a summons shall be served together with a copy of the complaint is unambiguous."). Plaintiff's failure to serve a summons constitutes a "flagrant disregard of Rule 4 rendering service of process 'fatally defective.'" Trs. of the United Plant & Prod. Workers Local 175 Benefits Fund v. Mana Constr. Grp., Ltd., No. 18-CV-4269, 2021 WL 4150803, at *3 (E.D.N.Y. July 30, 2021) (collecting cases), report and recommendation adopted, 2021 WL 4147421 (E.D.N.Y. Sept. 13, 2021); see also DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) ("There is no dispute that plaintiff's March 4, 2008 service, which included a copy of the complaint but no summons, was defective under Rule 4(c).")

Second, service on Calderon was defective for the additional reason that he has not resided at the Morton Street address since 2017. (Calderon Aff. ¶¶ 6, 8.) Plaintiff appears to argue that because Calderon is the son of Ciferri, "personal service upon a person's close relative is considered personal service upon the individual." (Pl. Opp'n. at 7.) Plaintiff is mistaken. While CPLR § 308(4) "permits a plaintiff to mail duplicate process to the defendant at his last known residence, it clearly requires that the 'nailing' be done at the defendant's 'actual place of business, dwelling place or usual place of abode.'" United States v. Crosland, No. 99-CV-4558, 2018 WL 3029038, at *2 (E.D.N.Y. June 18, 2018) ("[W]here a summons is affixed to the door of defendant's last known residence rather than his actual abode the service is ineffective, even if the defendant subsequently receive[s] actual notice of the suit." (quoting Feinstein v. Bergner, 397 N.E.2d 1161, 1163-64 (N.Y. 1979))). "While the distinction between 'dwelling place' and 'usual place of abode' may be unclear, 'there has never been any serious doubt that neither term may be equated with the 'last known residence' of the defendant." Id. (quoting Feinstein, 397 N.E.2d at 1163). Accordingly, Plaintiff's attempt to serve Calderon at his "last known residence" renders service insufficient.[8]

---

[8] The Court also notes that Plaintiff failed to file proof of service within twenty days as required by CPLR § 308(2) and (4).

16

Having found that Plaintiff failed to effectuate timely and proper service upon the Trustees, the Court must now consider whether Plaintiff has established good cause for this failure, or whether the Court should exercise its discretion to extend the deadline for Plaintiff serve the Trustees.  See Fed. R. Civ. P. 4(m); Zapata v. City of N.Y., 502 F.3d 192, 196 (2d Cir. 2007).

C.    Whether Good Cause Exists under Rule 4(m)

Where service is improper, the district court must grant an appropriate extension of time for service if the plaintiff shows "good cause" for the failure to serve.  Fed. R. Civ. P. 4(m).  "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control."  Purzak v. Long Island Housing Servs., Inc., No. 12-CV-1747, 12-CV-4010, 2013 WL 5202711, at *4 (E.D.N.Y. Sept. 13, 2013) (citation omitted).  "A mistaken belief that service was proper is not good cause under Rule 4(m)."  Yaxin Jing v. Angel Tips, Inc., No. 11-CV-5073, 2013 WL 950585, at *3 (E.D.N.Y Mar. 11, 2013) (citing Obot v. Citibank South Dakota, N.A., 2006 WL 6905256, at *2 (W.D.N.Y. Oct. 17, 2006), aff'd 347 F. App'x 658 (2d Cir. 2009)).  Moreover, "good cause does not exist where the plaintiff, upon learning that a defendant was not properly served, fails either to serve that defendant again within the time remaining under Rule 4(m) or to seek additional time within which to do so."  Deptula v. Rosen, 558

17

F. Supp. 3d 73, 85 (S.D.N.Y. 2021) (citing Reed Holdings Inc. v. O.P.C. Corp., 122 F.R.D. 441, 444-45 (S.D.N.Y. 1988)).   "A plaintiff's pro se status is not grounds for an automatic extension of time to serve the complaint."   Purzak, 2013 WL 5202711, at *4 (citing G4 Concept Marketing. Inc. v. Mastercard Int'l, 670 F. Supp. 2d 197, 199 (W.D.N.Y. 2009) ("[I]gnorance of the law, even in the context of pro se litigants, does not constitute good cause under Rule 4(m) . . . ." (cleaned up).)

Here, Plaintiff had until October 4, 2021 -- 90 days after he filed the Complaint -- to effectuate proper service. Plaintiff was put on notice that his attempted service was not proper on July 27, 2021 when the Trustees raised the issue in their PMC letter -- and Plaintiff never requested that the Court extend the time for him to serve the Trustees (or any Defendants for that matter).[9]

---

[9] In his opposition, Plaintiff claims that Defendants "acted in bad faith in receiving personal service" by turning on the sprinklers at the time of service and contacting the police claiming that Plaintiff was trespassing. (Pl. Opp'n at 6.)  Though a defendant's evasion of service may constitute good cause, see Cobalt Multifamily Investors I, LLC v. Arden, No. 06-CV-6172, 2014 WL 3798183, at *2 n.1 (S.D.N.Y. July 31, 2014), the Court is unable to infer that the Trustees intentionally evaded service or that any such evasion, rather than Plaintiff's own mistaken belief that service was proper, caused his failure to properly effectuate service here.  See Etheredge-Brown v. Am. Media, Inc., No. 13-CV-1982, 2015 WL 4877298, at *3 (S.D.N.Y. Aug. 14, 2015) (rejecting argument that defendant's alleged evasion of service constituted good cause where plaintiffs provided "no cogent reason" why purported evasion prevented them from serving defendant for one year after filing).

At most, Plaintiff's arguments demonstrate a failure to understand the applicable provisions of the Federal Rules and CPLR, which does not constitute good cause, not even for a pro se plaintiff, to extend the deadline to effectuate service. See e.g., Maldonado v. Country Wide Home Loans, Inc., No. 14-CV-07145, 2016 WL 11481201, at *2 (E.D.N.Y. Jan. 4, 2016) (citing G4 Concept Marketing, 670 F. Supp. 2d at 199)). This is especially true for an experienced pro se litigant such as Plaintiff who has filed numerous cases in the Eastern District of New York. Under such circumstances, the Court finds that Plaintiff fails to show good cause under Federal Rule 4(m).

Even in the absence of good cause, a court may exercise its discretion to extend the time to serve; however, the Court is "not required to do so." See Zapata, 502 F.3d at 196-97; see also Mares v. United States, 627 F. App'x 21, 23 (2d Cir. 2015) ("Although an extension of time is required when good cause has been shown, a district court has wide latitude in deciding when to grant extensions absent good cause." (internal citation omitted)). Based upon the circumstances of this case, the Court, in its discretion, declines to extend the deadline for Plaintiff to serve the Trustees.

Plaintiff is familiar with the requirements of service of process as his failure to effectuate proper service in a prior action before this Court resulted in the dismissal of his claims.

19

See Moss, 19-CV-2195, March 31, 2021 Order at 16-19 (finding that
Plaintiff was not diligent in his efforts to effectuate service;
see also Redd v. Federal National Mortgage Assoc., No. 19-CV-1045,
2020 WL 1536596, at *6 n.16 (E.D.N.Y. Mar. 31, 2020) ("The Court
observes, too, that Plaintiff, though proceeding pro se, is
familiar with the requirements of service of process, as she has
failed to effectuate proper service in an action in this District
before, resulting in dismissal of her claims against that
defendant."); Redd v. Leftenant, No. 16-CV-4919, 2017 WL 9487173,
at *8 (E.D.N.Y. Aug. 9, 2017) (dismissing Plaintiff's claims
against defendant for improper service under CPLR § 308(2)), report
and recommendation adopted, 2017 WL 3973926 (E.D.N.Y. Sept. 7,
2017); see also Tooker v. Town of Southampton, No. 17-CV-6006,
2019 WL 1227805, at *5 (E.D.N.Y. Jan. 23, 2019) ([U]nder different
circumstances, the [Court] would have considered the fact that pro
se plaintiffs are often unfamiliar with service requirements.
However, [Plaintiff] has been involved in numerous lawsuits in
this district and in at least one case was educated by the Court
as to the requirements for service." (citing Tooker v. Guerrera,
No. 15-CV-2430, 2016 WL 4367956, at *4 (E.D.N.Y. Aug. 15, 2016))),
report and recommendation adopted, 2019 WL 1233629 (E.D.N.Y. Mar.
12, 2019).

Further, as discussed supra, Plaintiff failed to effect
proper service even after the Trustee Defendants put Plaintiff on

notice of their intention to move for dismissal based on insufficient service, which was approximately 69 days prior to the end of Plaintiffs' 90-day period in which to serve process. See Carl v. City of Yonkers, No. 04-CV-7031, 2008 WL 5272722, at *7 (S.D.N.Y. Dec. 18, 2008) (declining to extend time to serve because plaintiff's pro se attempt at service was unsuccessful, plaintiff "made no further effort" to serve defendants, and plaintiff failed to seek any extension of time), aff'd, 348 F. App'x 599 (2d Cir. 2009); Tung v. Hemmings, 19-CV-5502, 2021 WL 4147419, at *6 (E.D.N.Y. Sept. 13, 2021) (declining to grant discretionary extension of time to serve the defendants to the pro se plaintiff where the plaintiff never effected proper service on the defendants, even though he had been on notice of the deficient service); Cassano v. Altshuler, 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016) (declining to grant discretionary extension of time to serve the defendants to the pro se plaintiffs where "[the] [p]laintiffs have been on notice for a substantial period of time that their method of service could be defective and that their claims could be dismissed on that basis").

Furthermore, although the Court recognizes that dismissal may prejudice some of Plaintiff's claims based on the applicable statutes of limitations, this circumstance is not dispositive. "[T]he Second Circuit has held that where good cause is lacking, it is not an abuse of discretion to dismiss a case

even when the result of the dismissal in combination with the statute of limitations is effectively a dismissal with prejudice. See e.g., Zapata, 502 at 197; Kogan v. Facebook, Inc., 334 F.R.D. 393, 404 (S.D.N.Y. 2020) (quoting Harmon v. Bogart, 788 F. App'x 808, 810 (2d Cir. 2019)); In re Teligent Servs., Inc., 324 B.R. 467, 474 (Bankr. S.D.N.Y. 2005), aff'd, 372 B.R. 594 (S.D.N.Y. 2007) ("[E]xpiration of the statute of limitations does not require a court to use its discretion to grant an extension of time for service in every time-barred case.")

Importantly, "'extending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on defendants,' which the Court can and should consider, especially where [as here] [D]efendants did not 'conceal the defect in service.'" Deptula, 558 F. Supp. 3d at 89 (quoting Vaher v. Town of Orangetown, 916 F. Supp. 2d 404, 420-21 (S.D.N.Y. 2013) (cleaned up); see also Cassano, 186 F. Supp. 3d at 323-24 ("Even though dismissal may prejudice some of Plaintiffs' claims based on applicable statutes of limitations . . . , this factor is not dispositive . . . and cuts both ways."). There is no question that the Trustee Defendants will be prejudiced if they are required to defend claims beyond the applicable statute of limitations. See Zapata, 502 F.3d at 198 ("[P]rejudice to the defendant . . . arises from the necessity

22

of defending an action after both the original service period and the statute of limitations have passed before service.")

Finally, to the extent Plaintiff might rely on the fact that the Trustees received actual notice of the suit and still appeared to contest this action, such reliance is misplaced. "[A]ctual notice cannot 'cure a failure to comply with the statutory requirements for serving process.'" <u>Sikhs for Justice v. Nath</u>, 850 F. Supp. 2d 435, 441 (S.D.N.Y. 2012) (quoting <u>Sartor v. Toussaint</u>, 70 F. App'x 11, 13 (2d Cir. 2002) (citations omitted)). Thus, the Trustee Defendants' actual receipt of the Complaint and resulting motion to dismiss do not affect the Court's conclusion that Plaintiff has failed to satisfy the applicable rules for service of process. "[I]f the Rules are to mean anything, parties must diligently try to follow them and courts must enforce them, even if that means that cases must sometimes be finally determined on procedural grounds rather than on their substantive merits." <u>Fowler v. City of New York</u>, No. 13-CV-2372, 2015 WL 9462097, at *8 (E.D.N.Y. Dec. 23, 2015)(citation omitted). Therefore, the Court will not grant Plaintiff a discretionary extension of time to serve the Moving Defendants.

Accordingly, as Plaintiff failed to carry his burden to establish that he provided adequate service on the Moving Defendants, <u>see</u> <u>Khan</u>, 360 F. App'x at 203, this Court lacks

personal jurisdiction over the Trustee Defendants, and their motion to dismiss is GRANTED.

II.  Claims Against the Trustees

Even if the Court had jurisdiction over the Trustees, Plaintiff's claims against them must still be dismissed for the reasons set forth in the Trustee's motion.  (See Support Memo at 9-23.)  For example, as outlined by the Trustees, there are significant statute of limitations concerns regarding the majority of the alleged conduct in the Complaint.  (See id. at 9-11.) Assuming arguendo the timeliness of Plaintiff's claims, each of his federal causes of action, i.e., those pursuant to Title VI, Title VII, Section 1981, and Section 1983, still fail as a matter of law.

To begin, Plaintiff's Title VI and Title VII claims against the Trustee Defendants are readily dismissed because neither statute provides for individual liability.  See Padmanabhan v. New York Inst. of Tech. Campus, New York, No. 18-CV-5284, 2019 WL 4572194, at *4 (S.D.N.Y. Sept. 20, 2019) ("Title VI claims cannot be brought against individuals." (citing Verdi v. City of New York, 306 F. Supp. 3d 532, 542 (S.D.N.Y. 2018))); Milione v. City Univ. of New York, 950 F. Supp. 2d 704, 709 (S.D.N.Y. 2013)("Individuals are also not liable in either their individual or official capacities under Title VII."), aff'd, 567 F. App'x 38 (2d Cir. 2014).  Plaintiff's Section 1981 claims

are also untenable as it is Section 1983 that "provides the sole cause of action available against state actors alleged to have violated [Section] 1981." Duplan v. City of New York, 888 F.3d 612, 619 (2d Cir. 2018); see also Richardson v. Buckheit, No. 19-CV-8505, 2020 WL 5802291, at *4 (S.D.N.Y. Sept. 29, 2020) (dismissing Section 1981 claims against state actors (citing Duplan, 888 F.3d at 620-21)).

Second, while Section 1983 can provide a mechanism to hold individuals liable for certain discriminatory and retaliatory acts, as well as claims under Section 1981, Plaintiff's Section 1983 claims fail too. Gladwin v. Pozzi, 403 F. App'x 603, 605 (2d Cir. 2010) ("As the district court noted, Gladwin's § 1981 claims are encompassed by her § 1983 claims, and both are therefore analyzed under § 1983."); Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) ("[A]lthough . . . Title VII claims are not cognizable against individuals, individuals may be held liable under [Section] 1983 for certain types of discriminatory acts.").

To state a claim pursuant to Section 1983, Plaintiff must plausibly allege: (1) challenged conduct "committed by a person acting under color of state law"; and (2) that the challenged conduct "must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Lansbury v. Massey, No. 22-CV-6447, 2023 WL

266513, at *2 (E.D.N.Y. Jan. 18, 2023) (quoting Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010)).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"  Chavez v. DeFalco, No. 21-CV-6293, 2022 WL 6162512, at *2 (E.D.N.Y. Oct. 7, 2022) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)).[10]

A Section 1983 race discrimination claim is analyzed under the McDonnell Douglas burden shifting framework.  A plaintiff must allege: (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination. Blythe, 963 F. Supp. 2d at 171-72 (citing Ruiz v. Cnty. of Rockland, 609 F.3d 486, 492 (2d Cir. 2010)).  If a plaintiff meets

---

[10] The Ninth Amendment is the only constitutional amendment cited to in the Complaint.  (See Compl. ¶ 23.)  It is well-settled that the Ninth Amendment does not confer a substantive right that can form the basis of a Section 1983 claim.  See Rini v. Zwirn, 886 F. Supp. 270, 289-90 (E.D.N.Y. 1995) ("The Ninth amendment is recognized as a rule of construction, not one that protects any specific right. . . .  No independent constitutional protection is recognized which derives from the Ninth Amendment and which may support a § 1983 claim."); see also Moussa v. Sullivan, No. 22-CV-3709, 2022 WL 14760781, at *2 (E.D.N.Y. Oct. 25, 2022) ("[T]he plaintiff has no viable claim under the Ninth Amendment." (citing Rini, 886 F. Supp. at 289)).  As such, to the extent Plaintiff asserts any Section 1983 claims based upon purported violations of the Ninth Amendment, they are DISMISSED.

his burden, the burden shifts to the defendant to offer a legitimate nondiscriminatory reason for the action. Id. at 173. This same burden shifting framework applies to Plaintiff's retaliation claims. See id. at 176-77.

To state a prima facie case for retaliation through Section 1981, a plaintiff must allege he was engaged in a protected activity that "encompasses complaints about a violation of another's contract-related rights on account of race." Id. at 176 (citing Eugenio v. Walder, No. 06-CV-4928, 2009 WL 1904256, at *13 (S.D.N.Y. July 2, 2009)). "Any claim brought under 1981 . . . must initially identify an impaired 'contractual relationship,' . . . under which the plaintiff has rights." Id. at 176-77 (quoting Eugenio, 2009 WL 1904256, at *13). Moreover, to state a prima facie clam of First Amendment retaliation through Section 1983, a plaintiff must allege that he was: (1) engaged in constitutionally protected speech; (2) suffered an adverse employment action; and (3) a causal relationship between the two existed in that the speech was a substantial or motivating favor for the adverse employment action. Id. at 179-80 (citing Burkybile v. Bd. of Ed. of the Hastings-On-Hudson Union Free Sch. Dist., 411 F.3d 306, 313 (2d Cir. 2005)).

Here, Plaintiff has not pled any plausible discrimination or retaliation claims under Section 1983. Assuming Ciferri and Calderon are "state actors" for Section 1983 purposes,

27

i.e., BOE Trustees, the Complaint is devoid of any allegations to suggest they were personally involved in a deprivation of Plaintiff's rights.  To the extent Plaintiff's Section 1981 and 1983 claims are based upon allegations that the Trustees discriminated and retaliated against him on the basis of his race, the Complaint has no allegations that suggest animus towards Plaintiff on the basis of his race, no allegations from which inferences can be drawn to suggest the existence of such animus, no allegations that suggest Plaintiff was engaging in a protected activity or speech, no allegations that Plaintiff suffered an "adverse employment action," nor any allegations to demonstrate a causal link between the alleged conduct and adverse action he claims to have suffered.  The only allegations that specifically pertain to race here are that Plaintiff and Defendants are of different races.  This is insufficient to circumstantially demonstrate discriminatory intent as a matter of law.  See Trapp-Miley v. City of New York, No. 09-CV-3933, 2012 WL 1068102, at *13 (E.D.N.Y. Jan. 17, 2012) ("The only circumstantial evidence relating to race is the fact that plaintiff and defendants are of different races.  Clearly, this is insufficient to survive a summary judgment claim based on discriminatory intent." (citing Johnson v. City of New York, 669 F.Supp.2d 444, 450 (S.D.N.Y. 2009))), report and recommendation adopted and modified on other

28

grounds, 2012 WL 1068084 (E.D.N.Y. Mar. 29, 2012).  Accordingly,
Plaintiff's Section 1983 claims are DISMISSED.

Having dismissed all of Plaintiff's federal claims in
this case, the Court declines to exercise supplemental
jurisdiction over his state law claims against the Trustee
Defendants.  See 28 U.S.C. § 1367(c)(3) ("The district courts may
decline to exercise supplemental jurisdiction over a
claim . . . if . . . the district court has dismissed all claims
over which it has original jurisdiction . . . ."); Carnegie-Mellon
Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual
case in which all federal-law claims are eliminated before trial,
the balance of factors to be considered under the pendent
jurisdiction doctrine -- judicial economy, convenience, fairness,
and comity -- will point toward declining to exercise jurisdiction
over the remaining state-law claims.").  Accordingly, Plaintiff's
state law claims against the Trustee Defendants are also DISMISSED.

III. Claims Against the *Pro Se* Defendants

A. Default Judgment

With respect to Plaintiff's request for a default
judgment against the Pro Se Defendants for their failure to respond
the Complaint, that request is DENIED.  There is no basis to enter
default pursuant to Federal Rule 55 because, as set forth above,
not only have the Pro Se Defendants appeared in the action by
moving to dismiss the Complaint, there is no indication that the

Pro Se Defendants were properly served with a summons and the Complaint for the same reasons service was found to be defective against the Trustees.

B.   Motions to Dismiss

Next, the Court considers whether to dismiss this case against the Pro Se Defendants, both of whom filed letter requests to the Court pleading for dismissal.  (See DiMassimo Mot. at 1-2 ("I feel like I am being brought into this whole thing because of a friend Cythia Ciferri. . . . I feel like these are false claim. . . . Please dismiss."); Lanzarone Mot. at 1 ("When I called the town of Islip Code Enforcement unit, I had reason to believe that Mr. Moss had an illegal apartment at his residence. I did not call to be malicious.  I expected the town to look into the situation confidentially and anonymously, as this has been their policy.  I called one time only on this matter.  I do not believe this incident caused Mr. Moss any physical or emotional distress as he has stated in his complaint.  For these reasons, I request that you dismiss this complaint.").)

The only specific allegations in the Complaint against the Pro Se Defendants, whom are alleged to be "friends" with the Trustee Defendants, include claims that Defendant Lanzarone "filed a false complaint against the Plaintiff with the Town of Islip in August 2019 claiming that the Plaintiff had an illegal apartment in his home, when no such apartment has ever existed," (Compl.

¶ 43), and that "Ciferri and her affiliates contacted the Plaintiff's place of employment, namely Lawrence Union Free School District, having no legitimate business purpose" (id. ¶ 42). Liberally construing the Complaint to raise the strongest arguments it suggests, see McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017), the Court considers these allegations to raise a state law malicious prosecution claim[11] against Lanzarone and a defamation claim against both Pro Se Defendants.

Any federal claims that can be plausibly construed from the Complaint are asserted against the Trustees, whom the Court lacks jurisdiction over, and have been dismissed from this case. Having dismissed all of the federal claims in this case, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against the Pro Se Defendants. Accordingly, Plaintiff's claims against the Pro Se Defendants are DISMISSED.

IV. Leave to Amend

In opposition to the Trustees' motion, Plaintiff seeks leave to amend the Complaint. (Pl. Opp'n at 24.) Although district courts generally grant pro se plaintiffs an opportunity to amend, it is clear from the face of the Complaint here that any

---

[11] The Court has not identified an allegation in the Complaint to suggest that either of the Pro Se Defendants are state actors to justify construing Plaintiff's claims against them under Section 1983.

such amendment would be futile.  Accordingly, Plaintiff's request for leave to amend the Complaint is DENIED.

<u>CONCLUSION</u>

For the stated reasons, **IT IS HEREBY ORDERED** that: (1) the Trustee Defendants' motion to dismiss is GRANTED and Plaintiff's claims against the Trustees are DISMISSED WITH PREJUDICE; (2) the <u>Pro Se</u> Defendants' motions to dismiss are GRANTED and Plaintiff's claims against them are DISMISSED WITHOUT PREJUDICE; and (3) Plaintiff's requests for leave to amend and to enter a default judgment against the <u>Pro Se</u> Defendants are DENIED. The Clerk of Court is directed to serve a copy of this Memorandum & Order upon Plaintiff and the <u>Pro Se</u> Defendants.  The Clerk of Court is also directed to enter judgment accordingly and to mark this case CLOSED.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     March 31, 2023
           Central Islip, New York